Herbert L. Terreri (State Bar No. 169815)
Grace R. Neibaron (State Bar No. 276128)
THE LAW OFFICE OF HERBERT L. TERRERI
A Professional Corporation
235 Foss Creek Circle
Healdsburg, CA 95448
Telephone: 707.431.1933
Facsimile: 707.431.2769
Email: bert@terrerilaw.com; grace@neibaronlaw.com

Attorneys for Plaintiff
Portalupi Wine Company, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTALUPI WINE COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>KEYSTONE LIBATION COMPANY, LLC; and QUAKER CITY MERCANTILE, INC.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FEDERAL TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT; COMMON LAW UNFAIR COMPETITION; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE; STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION; and FEDERAL TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PORTALUPI WINE COMPANY, INC. (hereinafter "Portalupi") states the following for its complaint against Defendants KEYSTONE LIBATION COMPANY, LLC; and QUAKER CITY MERCANTILE, INC. (Collectively "Defendants").

**SUBSTANCE OF THE ACTION**

1. Portalupi is a prestigious wine company located in Healdsburg, California. It produces and sells wine locally and nationally in a bottle shaped like a milk bottle. Portalupi was the only winery in the U.S. to produce and sell wine in this distinctly shaped bottle until Defendants' began producing and selling fortified wine in the same milk bottle shaped container.

2. Portalupi is the owner of federal trademark registration 4655367 (the "Milk Bottle Trademark"), which issued on December 16, 2014 on the principal register of the United States Patent and Trademark Office. This registration protects the Milk Bottle Trademark for use with wine.

3. In an effort to trade on the enormous popularity of the Milk Bottle Trademark, Defendants produce and bottle fortified wine using the Milk Bottle Trademark. Defendants also operate a website, www.spodeewine.com, at which wine and merchandise bearing the Milk Bottle Trademark is sold or offered for sale in an unauthorized manner.

4. In so doing, Defendants are willfully violating Portalupi's intellectual property rights in a deliberate effort to trade on Portalupi's hard-earned reputation and goodwill. Defendants' are thus creating consumer confusion, competing unfairly with Portalupi, and infringing Portalupi's trademark rights.

5. Portalupi therefore brings this action for trademark infringement under Section 32(1) of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); common law trademark infringement; common law unfair competition; state dilution; and unfair completion under Section 17200 of the California Business and Profession Code. Portalupi seeks preliminary and permanent injunctive relief; an accounting and award of Defendants' profits; compensatory, treble, and/or statutory damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

///

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§1331 and 1338(a), and under 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

7. The court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 and 1338(b).

8. This Court has personal jurisdiction over Defendants because Defendants have imported, distributed, offered for sale, sold, or shipped merchandise to persons within this District, Defendants regularly transact and conduct business within this District, and Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b), and (c), because a substantial part of the acts or omissions giving rise to Portalupi's claims occurred in this District, and Defendants have sufficient connection with the Northern District California to make venue proper in this District.

## PARTIES

10. Plaintiff Portalupi Wine Company, Inc. is a California corporation with a principal place of business at 107 North Street, Healdsburg, CA 95448.

11. Upon information and belief, Defendant Keystone Libation Company, LLC is a Delaware limited liability company, with its principal place of business is located at 114-120 S. 13th Street, Philadelphia, PA, 19107.

12. Upon information and belief, Defendant Quaker City Mercantile, Inc. is a Pennsylvania corporation with a principal place of business at 114-120 S. 13th Street, Philadelphia, PA, 19107.

## THE MILK BOTTLE TRADEMARK

13. Portalupi has sold wine in United States commerce under the Milk Bottle mark since approximately 2011. It has used the Milk Bottle mark continuously in United States commerce since that time.

14. Portalupi is the owner of federal trademark registration 4655367, which issued on December 16, 2014 on the principal register of the United States Patent and Trademark Office. This registration for the Milk Bottle mark covers wine. A true copy of this registration is attached as Plaintiff's Exhibit A. The trademark is valid and subsisting and its registration has never been cancelled.

15. Portalupi's goods are sold throughout the United States. The wine is sold in its tasting room in Healdsburg, CA.; in nationally acclaimed restaurants; on its website, www.portalupiwine.com; and through its wine club. Portalupi has advertised its wine extensively through publications, competitions, organizations and its tasting room. Its audience is national and international. Its wine has been featured in dozens of newspaper and magazine articles.

16. Portalupi has invested substantial time, effort and financial resources promoting its Milk Bottle Trademark in connection with the marketing and sale of its goods in interstate commerce. The Milk Bottle Trademark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Portalupi, its quality products and its good will. The consuming public recognizes the Milk Bottle Trademark and associates it with Portalupi.

17. Plaintiff's Milk Bottle Trademark is inherently distinctive as applied to Portalupi's goods that bear the mark.

18. Plaintiff's registered trademark is depicted below (see Exhibit A for a true copy of the registration):

STATUS   DOCUMENTS                                                           Back to Search    Print

Generated on: This page was generated by TSDR on 2015-03-18 11:46:30 EDT

Mark:

| | |
|---|---|
| US Serial Number: | 86153663 |
| US Registration Number: | 4655367 |
| Filed as TEAS Plus: | Yes |
| Register: | Principal |
| Mark Type: | Trademark |
| Status: | Registered. The registration date is used to determine when post-registration maintenance documents are due. |
| Status Date: | Dec. 16, 2014 |
| Publication Date: | Sep. 30, 2014 |

| | |
|---|---|
| Application Filing Date: | Dec. 28, 2013 |
| Registration Date: | Dec. 16, 2014 |
| Currently TEAS Plus: | Yes |

## Mark Information

| | |
|---|---|
| Mark Literal Elements: | None |
| Standard Character Claim: | No |
| Mark Drawing Type: | 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S) |
| Description of Mark: | The mark consists of a configuration of a four sided bottle for the goods having a neck and a cap over the neck. |
| Color(s) Claimed: | Color is not claimed as a feature of the mark. |
| | In whole |

19. A specimen of Portalupi's Milk Bottle Trademark is depicted below:



**DFENDANTS' UNLAWFUL ACTIVITIES**

20. Notwithstanding Portalupi's established rights in the trademark Milk Bottle, on information and belief, defendants adopted and used the confusingly similar Milk Bottle Trademark in interstate commerce in connection with the sale and offering for sale of fortified wine, in the 2012.

21. On information and belief, Defendants sell and ship their wine nationally through their website, www.spodeewine.com.

///

///

22. Defendants' use of Portalupi's trademark is depicted below:



23. Without Portalupi's consent, Defendants have used the Milk Bottle Trademark in connection with the sale, offering for sale, distribution or advertising of its goods.

24. Defendants have engaged in its infringing activity despite having constructive notice of Portalupi's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the Milk Bottle mark.

25. Defendants' actions are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

26. Upon information and belief, Defendants have advertised and offered its goods for sale using the Milk Bottle mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Portalupi's reputation and good will.

27. Portalupi requested in writing that Defendants cease and desist from their infringing actions. Defendants have not yet responded to this request. Portalupi's letter to Defendants is attached as Plaintiff's Exhibits B.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

28. Portalupi repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

29. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods that bear the Milk Bottle Trademark is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' goods. As a result of Defendants' unauthorized use of trademarks that are identical to and/or confusingly similar to Portalupi's federally registered mark, the public is likely to believe that Defendants' goods have been manufactured, approved by, or are affiliated with Portalupi. Consequently, Portalupi's ability to gain revenue through the sale of merchandise bearing the Milk Bottle Trademark is limited.

30. Defendants' unauthorized use of the Milk Bottle Trademark falsely represents Defendants' products as emanating from or being authorized by Portalupi and places beyond Portalupi's control the quality of products bearing the Milk Bottle Trademark, and the overall message associated with the Milk Bottle Trademark and products bearing the Milk Bottle Trademark.

31. Defendants' infringement of Portalupi's trademark is willful, intended to reap the benefit of the goodwill of Portalupi, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32. As a result of Defendants' wrongful conduct, Portalupi has suffered, and will continue to suffer, substantial damages. Under 15 U.S.C. § 1117(a) Portalupi is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

33. In addition, because Defendants' infringement of Portalupi's trademark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b). In the alternative, Portalupi is entitled to statutory damages for each counterfeit mark, under 15 U.S.C. § 1117(c).

34. Portalupi is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Portalupi has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Portalupi's trademark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes harm to Portalupi such that Portalupi could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Portalupi, is continuing.

35. Portalupi is also entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants, and to trebled damages, because Defendants' violations consist of the use of counterfeit trademarks pursuant to 15 U.S.C. § 1116(d).

36. Portalupi is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

///

///

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

37. Portalupi repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

38. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Milk Bottle Trademarks constitute false designations of origin and false descriptions or representations that Defendants' retail products originate from or are authorized by Portalupi, when in fact they are not.

39. As a result of Defendants' unauthorized use of the Milk Bottle Trademarks that are confusingly similar to the Milk Bottle Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' website and retail products.

40. Defendants' conduct is willful, intended to reap the benefit of Portalupi's goodwill and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

42. As a result of Defendants' wrongful conduct, Portalupi has suffered and will continue to suffer damages. Portalupi is entitled to injunctive relief and to an order compelling the impounding of all imitation trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants. Portalupi has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Portalupi's trademarks is unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Portalupi such that Portalupi could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Portalupi, is continuing.

///

///

## THIRD CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

43. Portalupi repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

44. Portalupi has common law rights in the Milk Bottle Trademarks based on its continuous use of the Milk Bottle Trademarks in connection with wine.

45. Defendants' unauthorized use of Portalupi's Milk Bottle Trademark to promote, advertise, market, and/or sell their goods is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendants' goods, or as to a connection or affiliation with Portalupi, or permission from Portalupi, that does not exist, causing irreparable harm to Portalupi for which there is no adequate remedy at law. Defendants' conduct thus constitutes common law trademark infringement.

46. Despite their actual and constructive knowledge of Portalupi's ownership and prior use of the Milk Bottle Trademark, Defendants have continued to use the Milk Bottle Trademark without Portalupi's authorization or consent. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Portalupi in their Milk Bottle Trademark.

47. Portalupi has sustained injury, damage, and loss based on Defendants' actions.

## FOURTH CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION

48. Portalupi repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

49. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Milk Bottle Trademark constitute false designations of origin and false descriptions or representations that Defendants' products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Portalupi, when in

fact they are not. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods or services have originated from and/or have been approved by Portalupi.

50. Defendants' unauthorized use of the Milk Bottle Trademark falsely represents that Defendants' goods emanate from or are authorized by Portalupi and places beyond Portalupi's control the quality of such products, and the message that is associated with such products.

51. Defendants' conduct is willful, intended to reap the benefit of the goodwill associated with the Milk Bottle Trademark, has caused and continues to cause damage and injury to Portalupi, and constitutes common law unfair competition.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESSAND PROFESSIONS CODE § 17200 et seq.

52. Portalupi repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

53. Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

54. Pursuant to California Business and Professions Code § 17203, Portalupi is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

## SIXTH CAUSE OF ACTION

## STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

55. Portalupi repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

56. Portalupi has extensively and continuously promoted and used the registered Milk Bottle Trademark in the United States, and the mark has thereby become distinctive, famous, and a well-known symbols of Portalupi's goods.

57. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Milk Bottle Trademark dilutes and is likely to dilute the distinctiveness of Portalupi's mark by eroding the public's exclusive identification of the Milk Bottle Trademark with Portalupi, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Portalupi's goods.

58. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Portalupi's Milk Bottle Trademark or to cause dilution of the same, to the great and irreparable injury of Portalupi.

59. Defendant is causing and will continue to cause irreparable injury to Portalupi's goodwill and business reputation, and dilution of the distinctiveness and value of Portalupi's famous and distinctive Milk Bottle Trademark mark in violation of the antidilution laws of the several states, including Alabama, ALA. CODE § 8-12-17 (2007); Alaska, ALASKA STAT. §45.50.180 (Michie 2007); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2007); Arkansas, ARK. CODE ANN. § 4-71-213 (2007); California, CAL. BUS. & PROF. CODE § 14330 (West 2007); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2007); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2007); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2007); Hawaii, HAW. REV. STAT. ANN. §482-32 (Michie 2007); Idaho, IDAHO CODE § 48-513 (Michie 2007); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2007); Iowa, IOWA CODE ANN. § 548.113 (West 2007); Kansas, KAN. STAT. ANN. § 81-214 (2007); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2007); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2007); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2007); Minnesota, MINN. STAT. ANN. § 333.285 (West 2007); Mississippi, MISS. CODE. ANN. § 75-25-25 (2007); Missouri, MO. ANN. STAT. § 417.061(1) (West 2007); Montana, MONT. CODE ANN. § 30-13-334 (2007); Nebraska, NEB. REV. STAT. ANN. §87-140 (Michie 2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2007); New Jersey, N.J. STAT. ANN. 56:3- 13.20 (West 2007); New Mexico, N.M. STAT. ANN. § 57-3B-15

(Michie 2002); New York, N.Y. GEN. BUS. Law § 360-l (2007); Oregon antidilution act, O.R.S. § 647.107 (2007); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2007); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2007); South Carolina, S. C. CODE ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2007); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2007); Utah, UT. CODE ANN. §70-3a-403 (2007); Washington, WASH. REV. CODE ANN. § 19.77.160 (2007); West Virginia, W. VA. CODE ANN. 47-2-13 (Michie 2007); and Wyoming, WYO. STAT. ANN. §40-1-115 (Michie 2007). Portalupi therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

60. Portalupi repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

61. Portalupi has extensively and continuously promoted and used the Milk Bottle Trademark in the United States, and the Milk Bottle Trademark has thereby become a famous and well-known indicator of the origin of Portalupi's goods.

62. Defendants are making commercial use in commerce of a trademark that dilutes and is likely to dilute the distinctiveness of Portalupi's Milk Bottle Trademark by eroding the public's exclusive identification of this famous Trademark with Portalupi, tarnishing and degrading the positive associations and prestigious connotations of the Trademark, and otherwise lessening the capacity of the Trademark to identify and distinguish goods and services.

63. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Portalupi's Milk Bottle Trademark or to cause dilution of the Milk Bottle Trademark, to the great and irreparable injury of Portalupi.

64. Defendants have caused and will continue to cause irreparable injury to Portalupi's goodwill and business reputation, and dilution of the distinctiveness and value of Portalupi's

famous and distinctive Milk Bottle Trademark in violation of 15 U.S.C. § 1125(c), and Portalupi therefore is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## REQUEST FOR RELIEF

**WHEREFORE**, Portalupi respectfully requests judgment against Defendants as follows:

   1.   That a preliminary and permanent injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

   a.   using the Milk Bottle Trademark, or any other trademarks that are confusingly similar to the Milk Bottle Trademark, for retail products, or making any other unlawful use of the Milk Bottle Trademark or any other trademarks owned by Portalupi;

   b.   using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendants is in any manner associated or connected with Portalupi, or is licensed, sponsored, approved, or authorized by Portalupi;

   c.   engaging in any other activity constituting unfair competition with Portalupi, or constituting infringement of the Milk Bottle Trademark;

   d.   taking any action, including the unauthorized use of the Milk Bottle Trademarks, that dilutes the unique association between the Milk Bottle Trademark and Portalupi, or that tarnishes the reputation or image of Portalupi;

   e.   disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including

computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the Milk Bottle Trademark, or any mark or designation that is confusingly similar to any of the Milk Bottle Trademark;

  f. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

 2. That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing any of Portalupi's trademarks, including the Milk Bottle Trademark.

 3. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. §1117(a) & (b), arising out of Defendants' acts of willful trademark infringement.

 4. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1116(d), arising out of Defendants' use of counterfeit trademarks.

 5. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. §1117(a), arising out of Defendants' acts of willful unfair competition.

 6. Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums.

 7. Awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b).

 8. Plaintiffs be awarded all damages caused by the acts forming the basis of this Complaint, together with prejudgment interest thereon;

 9. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

 10. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods

offered, advertised, or promoted by or on behalf of Defendants are authorized by Portalupi or related In any way to Portalupi's products or services.

11. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

12. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED: THE LAW OFFICES OF HERBERT L. TERRERI

By: /s/ Herbert L. Terreri

Herbert L. Terreri (State Bar No. 169815)
Grace R. Neibaron (State Bar No. 276128)
THE LAW OFFICE OF HERBERT L. TERRERI
A Professional Corporation
235 Foss Creek Circle
Healdsburg, CA 95448
Telephone: 707.431.1933
Facsimile: 707.431.2769
Email: bert@terrerilaw.com;
grace@neibaronlaw.com

Attorneys for Plaintiff
PORTALUPI WINE COMPANY, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury to decide all issues so triable in this case.

Dated:                                    THE LAW OFFICES OF HERBERT L. TERRERI

By:     /s/ Herbert L. Terreri

Herbert L. Terreri (State Bar No. 169815)
Grace R. Neibaron (State Bar No. 276128)
THE LAW OFFICE OF HERBERT L. TERRERI
A Professional Corporation
235 Foss Creek Circle
Healdsburg, CA 95448
Telephone: 707.431.1933
Facsimile: 707.431.2769
Email: bert@terrerilaw.com;
grace@neibaronlaw.com

Attorneys for Plaintiff
PORTALUPI WINE COMPANY, INC.